UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER SADOWSKI,

                         Plaintiff

        -v-                                    6:19-CV-592

ROSER COMMUNICATIONS NETWORK,
INC.,

                         Defendant.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


APPEARANCES:                            OF COUNSEL:

LIEBOWITZ LAW FIRM, PLLC         RICHARD P. LIEBOWITZ, ESQ.
11 Sunrise Plaza, Suite 301
Valley Stream, New York 11580

DAVID N. HURD
United States District Judge

### <u>MEMORANDUM–DECISION and ORDER</u>

      Plaintiff Christopher Sadowski ("Sadowski" or "plaintiff") is a professional photographer working out of Hawthorne, New Jersey. On May 17, 2018, the New York Post ran an article featuring a photograph taken by plaintiff. That photograph features a neon New York State lottery sign. The New York Post's article provides a credit for plaintiff directly below the photograph, which the industry terms a "gutter credit." On July 2, 2018, plaintiff registered the photograph with the United States Copyright Office.

      Defendant Roser Communications Network, Inc. ("Roser" or "defendant") is a New York-based Corporation that operates the website www.WUTQFM.com ("the website"). On April 10, 2019, the Website posted an article discussing the New York Lottery, which featured the same image as the New York Post article. Defendant did not license the photograph from

Sadowski. Nor did it credit him for it. In so doing, defendant replicated the image without the credit that the New York Post had initially provided.

On May 19, 2019, Sadowski filed the present complaint in this court alleging: (1) copyright infringement under 17 U.S.C. §§ 106, 501 ("§ 501"); and (2) removal of copyright management information under 17 U.S.C. § 1202(b) ("§ 1202(b)"). On May 21, 2019, plaintiff submitted an affidavit of service upon a clerk in the office of the Secretary of State.[1]

Roser never responded to the complaint. On October 15, 2019, this Court informed Sadowski that he had thirty days to attain an entry of default, or else risk his claims' dismissal for failure to prosecute under Federal Rule of Civil Procedure ("Rule") 41(b). On October 22, 2019, plaintiff attained an entry of default against defendant.

On October 23, 2019, this Court advised plaintiff of the procedure to move for default judgment and directed him "to serve a copy of the motion papers via regular mail upon defendant and file a certificate of service of same." On November 20, 2019, plaintiff moved for default judgment under Rule 55. Plaintiff did not file a certificate of service. The motion will be considered on the basis of the parties' submissions without oral argument.[2]

Under Rule 55, a district court may grant default judgment against a party for the failure to plead or otherwise defend an action. FED. R. CIV. P. 55; *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). A party moving for default judgment must first attain an Entry of Default from the Clerk of the Court. FED. R. CIV. P. 55(a). The court must then determine whether default judgment should follow.

---

[1] Under Federal Rule of Civil Procedure 4, service on a corporation can be effected by following the rules of service for the state's courts of general jurisdiction. FED. R. CIV. P. 4(e)(1), (h)(1)(A). Under New York's rules for serving process on a corporation, a corporation may be served by personally delivering service on the secretary of state, a deputy, or any person authorized by the secretary of state to receive corporate service. N.Y. BUS. CORP. LAW § 306(b)(1).

[2] Defendant failed to respond to plaintiff's motion for default judgment, therefore the Court will rely only on plaintiff's submissions.

In assessing the validity of a default judgment, district courts are given discretion to assess the individual circumstances of each case and to "evaluate the credibility and good faith of the parties." *Diakuhara*, 10 F.3d at 95-96. In assessing a case, the party moving for default is "entitled to all reasonable inferences from the evidence offered," but a district court still must determine whether the allegations establish liability as a matter of law. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

As noted, Sadowski's counsel, Richard Liebowitz ("Liebowitz"), failed to file a certificate of service for the motion papers in connection with plaintiff's motion. Although in the ordinary case, plaintiff need not file proof of service for a party that has never appeared, this Court expressly ordered him to do so. That failure would perhaps be forgivable on its own, but it is not under the circumstances of this case. Liebowitz's choice to ignore this Court's plain order, combined with his atypical choice of service through the Secretary of State, rather than directly upon Roser,[3] raise the real possibility that defendant has not received adequate notice of this case or plaintiff's motion for default judgment.

That possibility is only compounded by Liebowitz's personal history. Earlier this year, United States District Court Judge Mae D'Agostino described plaintiff's counsel's reputation at great length in a decision in this district. *See Stridiron v. Cmty. Broads., LLC*, 2019 WL 2569863, at *3-5 (N.D.N.Y. June 21, 2019). This Court need not recount the entire litany, nor can Liebowitz's reputation alone cede his right to maintain his practice. However, it is worth noting that Judge D'Agostino denied plaintiff a default judgment in a nearly identical case for precisely the same failure. *Id.* at *2-3 (denying without prejudice motion for default judgment because plaintiff failed to file certificate of service contrary to Individual Rule). True, plaintiff's

---

[3] Of course, New York law authorizes him to enact service in this way, and his chosen method was not strictly improper. N.Y. BUS. CORP. LAW § 306(b)(1). However, it is fair to say that this circuitous route to service renders effective notice less likely than a more direct method.

failure to file a notice of service in that case violated an Individual Rule of Judge D'Agostino that this Court does not share, but plaintiff was still ordered expressly to file a notice in this case.

Thus, Liebowitz failed to comply with a direct order by this Court that would render the diligence of his efforts to serve Roser suspect under the best of circumstances. But especially given Liebowitz's history, this Court is not satisfied that defendant received adequate notice of this action or Sadowski's motion for default judgment. *Stridiron*, 2019 WL 2569863, at *3-5 (collecting cases). Therefore, plaintiff's motion for default judgment under Rule 55 must be denied without prejudice.

Therefore, it is

ORDERED that

1.     Plaintiff's Rule 55 motion for default judgment is DENIED WITHOUT PREJUDICE;

2.     Plaintiff shall renew his motion for default judgment and file proof of service of that renewed motion's papers no later than 12:00 p.m. on Tuesday, December 24, 2019; and

3.     If plaintiff fails to renew his motion for default judgment on that date, this matter will be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Clerk of the Court shall enter judgment in defendant's favor without further order from the Court.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  December 11, 2019
          Utica, New York.

4